UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Natalie RAJIC, Plaintiff,<br>v.<br>Vlad KROUTIK, et al., Defendants. | Case No.: 26-cv-4101-AGS-SBC<br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IFP (ECF 4) AND PLAINTIFF'S OTHER MOTIONS (ECF 2, ECF 3, ECF 14)** |

Plaintiff Natalie Rajic moves to proceed without paying the usual $405 in court-filing fees. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, S.D. Cal. (effective Dec. 1, 2023). If granted the right to proceed in forma pauperis ("IFP"), a plaintiff can proceed without paying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify for that status, plaintiff must "state the facts as to [her] poverty with some particularity." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).

Rajic has not met this standard. Despite her representation that she has experienced "211 days of forced homelessness," she also represents that she's been staying in "hotel lodging" and lists "$6,690.00" as her "current monthly net income." (ECF 4, at 2.) Unfortunate as her circumstances may be, they do not render her current salary—which extrapolates to an annual income in excess of $80,000—a poverty wage. (*See id.*)

Even if it did, her IFP request would still fail. When someone financially qualifies for IFP status, the Court must then screen the complaint and dismiss it if it is "frivolous" or "fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). In this district, "proceedings arising under title 11," like this one, "shall be referred to the bankruptcy judges for the district." *See* 28 U.S.C. § 157(a); S.D. Cal. LBR 1001-1 & 5011. And "motions to withdraw reference of a case" that was "referred to the [Bankruptcy] Court" are only "forwarded to the District Court" once the briefing period set by the Bankruptcy Court "expires." S.D. Cal. LBR 5011-1(a) & (c). In accordance with these rules, Rajic's case was referred to a bankruptcy judge who set a briefing period that won't expire until later this month on

"August 28, 2026." *See In re Rajic*, Case No. 26-90099-JBM, ECF No. 9, at 4 (S.D. Cal. July 29, 2026). So, her motion is not yet properly before this Court.

To the extent Rajic claims that her circumstances require a more expedited review, this Court agrees with the Bankruptcy Court's finding that Rajic's motion "does not present emergency circumstances." *See id*. at 2. After all, Rajic's complaint seems to raise "similar issues to those that the Court has previously decided and revisited once already." *See id*. In addition, it's hard to "reconcile [her] high income with claims of true homelessness over the last seven months." *See id.*

The IFP motion is thus **DENIED**. In light of this ruling, the pending motions for withdrawal of reference, a temporary restraining order, and recusal of the Ninth Circuit Court of Appeals panel that was assigned to Rajic's (premature) appeal are **DENIED as moot**.

Dated: August 11, 2026

Hon. Andrew G. Schopler
United States District Judge